UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES F. MAGNO,

                                                    Plaintiff,

        v.                                                                          Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,                               **JURY TRIAL DEMANDED**

                                                    Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Charles F. Magno is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Charles F. Magno incurred a credit card debt to JC Penney.  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff later defaulted on the subject debt.

12. That upon information and belief, Defendant NCO was employed by the creditor to collect the subject debt.

13. That beginning in or about January of 2008, Defendant NCO began calling Plaintiff Charles F. Magno on his cellular telephone multiple times per day in an attempt to collect on the subject debt.

14. That during several of the aforementioned telephone calls, Plaintiff Charles F. Magno requested that Defendant refrain from making any further attempts to reach him regarding collection of the subject debt.

15. That on April 7, 2008, Plaintiff Magno mailed a letter to Defendant NCO, via US certified mail, requesting that Defendant no longer call Plaintiff regarding the subject debt.

16. That despite receipt of said written request, Defendant NCO continued to make multiple telephone calls per day to Plaintiff's cellular telephone to attempt to collect on the subject debt.

17. That on April 16, 2008, Plaintiff thereafter mailed Defendant NCO yet another letter via US certified mail requesting that Defendant NCO cease all further communication attempts.

18. That despite receipt of said letter, Defendant NCO continued to call Plaintiff several times a day in an attempt to collect on the subject debt.

19. That on April 28, 2008 and May 1, 2008, Plaintiff Magno thereafter mailed Defendant NCO two more letters via US certified mail, both directing Defendant to stop calling him to collect the subject debt.

20. That despite receipt of these letters, Defendant NCO continued to call Plaintiff Magno multiple times per day to attempt to collect on the subject debt.

21. That as a result of Defendant's actions Plaintiff Charles F. Magno suffered actual damages including emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendant violated 15 U.S.C. §1692c(c) and 15 U.S.C. §1692f by continuing their attempts to communicate with Plaintiff despite their receipt of several letters from Plaintiff directing Defendant to cease communication attempts.

> B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass Plaintiff.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Charles F. Magno demands trial by jury in this action.

Dated: July 18, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Charles F. Magno affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: July 18, 2008

/s/Charles F. Magno_____
Charles F. Magno